1  Cynthia Z. Levin, Esq. (SBN 27050)
   Law Offices of Todd M. Friedman, P.C.
2  1150 First Avenue, Suite 501
3  King of Prussia, PA 19406
   Phone: 888-595-9111 ext 618
4  Fax: 866 633-0228
5  clevin@attorneysforconsumers.com
6  Attorney for Plaintiff

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF PENNSYLVANIA
9

10  TONYA CRUMP, individually and on   )  Case No.
    behalf of all others similarly situated,  )
11                                      )
                                        )  **COMPLAINT -- CLASS ACTION**
12  Plaintiff,                          )
                                        )  **COMPLAINT FOR VIOLATIONS**
13        vs.                           )  **OF:**
                                        )
14                                      )
15  ALLIED INTERSTATE, LLC,             )     1.    NEGLIGENT VIOLATIONS
                                        )           OF THE TELEPHONE
16                                      )           CONSUMER PROTECTION
    Defendants.                         )           ACT [47 U.S.C. §227 ET
17                                      )           SEQ.]
                                        )     2.    WILLFUL VIOLATIONS
18                                      )           OF THE TELEPHONE
                                        )           CONSUMER PROTECTION
19                                      )           ACT [47 U.S.C. §227 ET
                                        )           SEQ.]
20                                      )
21                                      )  **DEMAND FOR JURY TRIAL**
                                        )
22                                      )

23        Plaintiff, TONYA CRUMP ("Plaintiff"), individually and on behalf of all

24  others similarly situated, alleges the following upon information and belief based

25  upon personal knowledge:

26

27                          **NATURE OF THE CASE**

28        1.    Plaintiff brings this action individually and on behalf of all others

similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ALLIED INTERSTATE, LLC, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Pennsylvania, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Minnesota state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of Pennsylvania and the county of Oak.

## PARTIES

4.     Plaintiff, TONYA CRUMP ("Plaintiff"), is a natural person residing in Oaks, Pennsylvania and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.     Defendant, ALLIED INTERSTATE, LLC ("Defendant"), is a leader in the  purchasing consumer debts and collecting thereon from debtors, and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the

1  Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are
2  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious
3  names.  Each of the Defendants designated herein as a DOE is legally responsible
4  for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend
5  the Complaint to reflect the true names and capacities of the DOE Defendants
6  when such identities become known.

7         7.     Plaintiff is informed and believes that at all relevant times, each and
8  every Defendant was acting as an agent and/or employee of each of the other
9  Defendants and was acting within the course and scope of said agency and/or
10 employment with the full knowledge and consent of each of the other Defendants.
11 Plaintiff is informed and believes that each of the acts and/or omissions
12 complained of herein was made known to, and ratified by, each of the other
13 Defendants.

14                        **FACTUAL ALLEGATIONS**

15        8.     Beginning in or around April 2015, Defendant contacted Plaintiff on
16 her cellular telephone, (412) 969-8750, in an attempt to collect an alleged
17 outstanding debt owed.

18        9.     Prior to Defendant's attempt to collect the alleged debt, the Plaintiff
19 received a notice from the original debt holder that Plaintiff made all payments on
20 the account and no longer owed anything.

21        10.    Despite the fact that Plaintiff no longer had a debt with the original
22 debt holder, the Defendant contacted Plaintiff to collect on this alleged debt.

23        11.    Defendant used an "automatic telephone dialing system", as defined
24 by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the
25 debt allegedly owed.

26        12.    Defendant's calls constituted calls that were not for emergency
27 purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

28        13.    Defendant's calls were placed to telephone number assigned to a

1  cellular telephone service for which Plaintiff incurs a charge for incoming calls
2  pursuant to *47 U.S.C. § 227(b)(1)*.

3      14.     Plaintiff told the Defendant that Plaintiff did not owe the alleged
4  debt and not to contact Plaintiff.

5      15.     Despite   receiving   this   information   on   numerous   occasions,
6  Defendant continued to place daily calls to Plaintiff, on her cellular telephone,
7  using an "automated telephone dialing system."

8      16.     Defendant called early Plaintiff's telephone at times Defendant knew
9  would be inconvenient such as in the morning before 8 am.

10     17.     Plaintiff does not owe the alleged debt Defendant is calling her about
11 and has never provided any personal information, including her cellular telephone
12 number, to Defendant for any purpose whatsoever.    Accordingly, Defendant
13 never received Plaintiff's "prior express consent" to receive calls using an
14 automatic telephone dialing system or an artificial or prerecorded voice on her
15 cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16              **CLASS ACTION ALLEGATIONS**

17     18.     Plaintiff brings this action on behalf of herself and all others
18 similarly situated, as a member of the proposed class (hereafter "The Class")
19 defined as follows:

20          All persons within the United States who received any
21          collection  telephone  calls  from  Defendant  to  said
22          person's cellular telephone made through the use of any
            automatic telephone dialing system and such person had
23          not previously consented to receiving such calls within
24          the four years prior to the filing of this Complaint
25

26     19.     Plaintiff represents, and is a member of, The Class, consisting of All
27 persons within the United States who received any collection telephone calls from
28 Defendant to said person's cellular telephone made through the use of any

---

automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

20.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21.    The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

22.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

23.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

        a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a

1    call made for emergency purposes or made with the prior

2    express consent of the called party) to a Class member using

3    any automatic telephone dialing system to any telephone

4    number assigned to a cellular telephone service;

5         b.    Whether Plaintiff and the Class members were damages

6    thereby, and the                 extent of damages for such violation; and

7         c.    Whether Defendant should be enjoined from engaging in such

8    conduct in             the future.

9        24.    As a person that received numerous collection calls from Defendant

10   using an automatic telephone dialing system, without Plaintiff's prior express

11   consent, Plaintiff is asserting claims that are typical of The Class.

12       25.    Plaintiff will fairly and adequately protect the interests of the

13   members of The Class.  Plaintiff has retained attorneys experienced in the

14   prosecution of class actions.

15       26.    A class action is superior to other available methods of fair and

16       efficient

17   adjudication of this controversy, since individual litigation of the claims of all

18   Class  members is impracticable.  Even if every Class member could afford

19   individual litigation, the court system could not.  It would be unduly burdensome

20   to the courts in which individual litigation of numerous issues would proceed.

21   Individualized litigation would also present the potential for varying, inconsistent,

22   or contradictory judgments and would magnify the delay and expense to all

23   parties and to the court system resulting from multiple trials of the same complex

24   factual issues.  By contrast, the conduct of this action as a class action presents

25   fewer management difficulties, conserves the resources of the parties and of the

26   court system, and protects the rights of each Class member.

27       27.    The prosecution of separate actions by individual Class members

28   would create a risk of adjudications with respect to them that would, as a practical

matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Pennsylvania Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00   in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

32.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

(Against All Defendants)

33.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34.     The foregoing acts and omissions of Defendant constitute numerous

and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

35.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

36.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. § 227(b)(1),* Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for

1  each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and

2  *47 U.S.C. § 227(b)(3)(C)*.

3  • Any and all other relief that the Court deems just and proper.

4

5  **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

6  Respectfully Submitted this 15th Day of June, 2015.

7

8                          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

9

10                        By: _____

11                        Cynthia Z. Levin
                           Law Offices of Todd M. Friedman
12                         Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT
-9-